Maddelena HERBIG

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION.

Civ. No. S 92–1652.

United States District Court,
D. Maryland.

Aug. 26, 1992.

Gary Howard Simpson, Simpson & Ehrlich, P.A., Bethesda, Md., for plaintiff.

J. Hardin Marion and William C. Sammons, Tydings & Rosenberg, Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge:

Maddelena Herbig, having been removed from her management position within International Business Machines Corporation ("IBM") allegedly because of, *inter alia,* her racist treatment of other employees, has decided that she did not deserve to be disciplined, and she has translated that decision into a federal lawsuit, in which a complaint was filed alleging every sort of discrimination for which Ms. Herbig was a plausible candidate, including handicap, age, and sex. The defendant has moved to dismiss the complaint, plaintiff has opposed the motion, and the defendant has replied. No oral hearing will be held. Local Rule 105 (D.Md.).

The Court is aware that it has a duty liberally to construe complaints, even those filed by counsel, in considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *See generally Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court also recognizes that the Congress has provided statutory avenues of redress for those who can prove themselves victimized by any one of a number of types of discrimination. There are, however, rules for pleading claims that the Court cannot ignore in its solicitude for plaintiffs, even plaintiffs in discrimination cases. In this case, plain-

tiff's complaint fails to satisfy these elemental requirements, and it will be dismissed, for reasons that follow.

First, the plaintiff has not even bothered to address the defendant's arguments that she has failed to state an actionable claim for handicap discrimination, and there is little wonder in this, because the defendant correctly asserted in its motion that there was no federal claim stated by those assertions.

 The plaintiff also has failed to allege actionable claims of intentional discrimination on the basis of age and/or sex. Her opposition to the defendant's motion makes it clear that she is not claiming for lack of promotion or for discharge, but for discriminatory *discipline*. (*See* Mem. of P. & A. in Supp. of Pl.'s Opp'n. to Def.'s Mot. to Dismiss, at 4–8.) That having been established, the Court must agree with defendant's observation that Herbig's position in this litigation is—charitably put—"bizarre." (Def.'s Reply Mem., at 4.) Here, the plaintiff has utterly failed to allege the *sine qua non* of a disparate discipline claim in this Circuit, in that she has failed to allege that others, not within one or more of her protected groups, who engaged in comparable prohibited conduct, were more favorably treated (less severely disciplined) than was she. *See Moore v. City of Charlotte N.C.*, 754 F.2d 1100, 1105–06 (4th Cir.), *cert. denied*, 472 U.S. 1021, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985). Of course, her allegation that an "unprotected" person filled her position after she was disciplined does not satisfy *Moore*'s requirements. It does not matter that *Moore* was a case of racial, rather than gender or age, discrimination, as this Court understands *Moore* to apply to claims of intentional discrimination in discipline, *qua* discrimination. Given this understanding, plaintiff's citation to and reliance upon the modified *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), standard of proof used in many Age Discrimination in Employment Act ("ADEA") and Title VII cases alleging intentional discrimination in hiring, demotion or discharge is simply not apt. The plaintiff herself notes that the *Moore* court found the *McDonnell Douglas* prima facie model "less useful" in discriminatory discipline cases. *Moore*, 754 F.2d at 1105.

As the Fourth Circuit itself pointed out in *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir.1991), courts handling discrimination claims should not become so wrapped around the proof-scheme axle that they ignore the obvious defects in a claim of discrimination that rings, as does this one, hollow from the outset. Here, as in *Proud*, the plaintiff asserts a claim of some sudden discriminatory *animus* springing up. That *animus* motivated her supervisor, who gave her a satisfactory rating noting that she "far exceeded all of the job requirements" when she was a 58 year old female, suddenly to discipline her discriminatorily, either on account of her age or her gender, seven months later. For the same reasons as in *Proud*, 945 F.2d at 797–98, this sort of claim just does not wash in the tub of common sense. What this case is really about is a simple dispute over the merits of an employee discipline decision, not any federally prohibited discrimination, a conclusion that is patent from both the verbiage of the complaint itself and its shotgun allegations of discrimination on every conceivable ground.

For the stated reasons, an order will be entered separately, granting defendant's motion to dismiss, and dismissing the complaint for failure to state a claim upon which relief can be granted.